## WALKER *v.* CRAWFORD.

The sole question at issue being whether the debt on which the execution in favor of the plaintiff was founded was created for the purchase of the property levied on, and there being no evidence that it was, the verdict to the contrary was unsupported by evidence, and the superior court erred in overruling the certiorari complaining of the finding of the jury in the justice's court.

Submitted November 21, — Decided December 11, 1901.

Certiorari. Before Judge Hart. Laurens superior court. February 2, 1901.

*Akerman & Akerman*, for plaintiff in error.

LEWIS, J.  Crawford filed an affidavit in a justice's court in Laurens county, under the Civil Code, § 2850, alleging that, to the best of his knowledge and belief, a certain execution issued from that court against Walker was one from which the homestead of Walker was not exempt; that the debt upon which the execution was founded was for the purchase-money of a certain cooking-stove, which was claimed by Walker as being exempt by reason of his homestead; that there was no other property of Walker upon which to levy the execution ; and that the affidavit was made for the purpose of having the said homestead property levied upon and sold.   Walker filed a counter-affidavit to the effect that the affidavit made by Crawford was "untrue in this, to wit: that said execution is not proceeding for the purchase-money of the property levied on."   The issue thus formed was tried by a jury in the justice's court.   Only two witnesses were sworn: an employee of the plaintiff, who testified that he had sold Walker a No. 8 R. E. Lee cooking-stove, but did not know whether the stove levied on was the same stove or not; and the officer who levied the execution, who swore that the stove levied on was a No. 8 stove, but that he did not remember the name.   The jury returned a verdict finding the property levied on subject to the execution.   Walker took the case to the superior court by certiorari, which was overruled, and he excepted.

We think it is clear that the finding of the jury in the justice's court was erroneous, and that the judge of the superior court should have sustained the certiorari.   The only issue made by the counter-affidavit was whether or not the execution was proceeding for the purchase-money of the property on which the levy was made, and upon that issue depended the proper decision of the case in the justice's court.   The plaintiff utterly failed to make out his case on that issue, and therefore there was nothing upon which the jury could base their finding that the property was subject to the execution.   The judge of the superior court was probably misled by the statement in the petition for certiorari that upon the trial the plaintiff tendered in evidence the original suit, "showing that the suit

was proceeding on a homestead waiver note," and he doubtless concluded that, as the note contained a general waiver of homestead, it made no difference whether it was for the purchase-money of the property levied on or not. Such a mistake was quite natural, but an examination of the record shows that the question of the homestead waiver was nowhere made in the case, either before the magistrate or in the superior court. The sole question at issue was whether the debt on which the execution in favor of the plaintiff was founded was created for the purchase of the property levied on; and the plaintiff having failed to make out his case on this issue, the certiorari of the defendant should have been sustained.

*Judgment reversed. All the Justices concurring.*